| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:26-CR-82-TAV-JEM |
| | ) | |
| JAMES BRYAN TYLER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant James Bryan Tyler's Unopposed Motion to Continue and to Extend Deadlines [Doc. 17], which he filed on July 30, 2026.

Defendant Tyler asks the Court to continue the trial and extend all unexpired deadlines in his case [*Id.*]. In support, Defendant states he was arraigned on July 7, 2026, and since then, his counsel has worked diligently on the matter [*Id.* ¶¶ 2–3]. Defendant explains more time is needed to adequately review and consider the discovery to ensure that he receives effective assistance of counsel and that all possible defenses and legal challenges have been adequately investigated and presented [*Id.* ¶ 3]. Defendant states he is aware that the time between the filing of his motion and the new court date would be excluded from his speedy trial calculation [*Id.* ¶ 4]. He states the Government does not oppose the motion [*Id.* ¶ 5].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweighs the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in

18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Specifically, Defendant's counsel needs additional time to review and consider discovery and explore all possible defenses and legal challenges. The Court finds that this cannot occur before the September 15, 2026 trial date.

The Court therefore **GRANTS** Defendant's Unopposed Motion to Continue and to Extend Deadlines [**Doc. 17**]. The trial date is reset to **January 12, 2027**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on July 30, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Unopposed Motion to Continue and to Extend Deadlines [**Doc. 17**] is **GRANTED**;

(2) the trial date is reset to commence on **January 12, 2027, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **July 30, 2026**, and the new trial date of **January 12, 2027**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is on or before **September 4, 2026**, and responses to pretrial motions are due on or before **September 18, 2026**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 11, 2026**;

(6) the deadline for filing motions *in limine* is **December 28, 2026**, and responses to motions *in limine* are due on or before **January 5, 2027**;

2

(7) the parties are to appear before the undersigned for a final pretrial conference on **December 29, 2026, at 1:30 p.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 4, 2027**.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge

3